IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| REBECCA BOSWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>　　　　Defendant. | Civil Action File No.<br><br>4:19-cv-00122-CDL |

## PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT. CDL**

Discovery in this case may involve production and/or review of confidential information of the parties and non-parties to this action, as well as sensitive or proprietary business information of Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant"). The parties in this action consent to entry of this Discovery Confidentiality Order in order to protect the legitimate privacy interests of the parties and non-parties alike, and to provide Plaintiff Rebecca Boswell ("Plaintiff") and Chipotle and their respective counsel, certain documents potentially relevant to this action. Accordingly, for good cause shown, it is ORDERED as follows:

1.　Any party to this litigation and any non-parties to this action shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from

third parties; or (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (e) personnel or employment records including those of persons not parties to the case; or (f) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.4. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any non-parties to this action shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). The Attorneys' Eyes Only designation shall be used sparingly and in good faith. For the designation to be effective, on or before the time of disclosure, the designating party must provide a separate notice of the designation in writing to the receiving party, explaining all reasons for the designation.

3. All Confidential material shall be used by the receiving party solely for purposes this litigation, including any appeals or related arbitrations, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the

party who produced the information, document or thing, or if the producing party consents to such disclosure;

 f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

 g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit; and

 h. Other witnesses or persons with the designating party's consent or by Court Order.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f), and (g) above and the deponent during these thirty (30) days, and no

individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f), and (g) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

c. At all times, the designating party carries the burden of establishing the propriety of the designation and protection level.

d. The failure of any receiving party to challenge a designation does not constitute a concession that the designation is proper.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.4.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice

shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, including all appeals and related arbitrations, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return, or delete, to the originating source all originals and unmarked copies of documents and things produced with Confidential designation, whereby it included such a designation in a given document's metadata records and stamped as such on the document image. Furthermore, no party will be required to return or delete load file entries for documents designated as Confidential. Counsel may retain complete copies of all transcripts, pleadings, exhibits attached thereto and all documents bearing the notations, summations, or other mental impressions of the receiving party, for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in

opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED, this 16th day of January, 2020.

s/Clay D. Land
CLAY D. LAND
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| REBECCA BOSWELL,<br><br>      Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>      Defendant. | Civil Action File No.<br><br>4:19-cv-00122-CDL |

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

    1. My address is _____.

    2. My present employer is _____ and the address of my present employment is _____.

    3. My present occupation or job description is _____.

    4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

    6. I will limit the use of Confidential Material disclosed to me solely for the purpose of this action.

    7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things

which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: this _____ day of _____, _____


_____
Name

Consented to by:

| | |
|---|---|
| **WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC** | **MARTENSON, HASBROUCK & SIMON LLP** |

**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**

*/s/ Kevin W. Jent*
Kevin W. Jent, *pro hac vice*
Alabama Bar No. 0804E61K
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
(205) 314-0749 (facsimile)
kjent@wigginschilds.com

**LOBER & DOBSON, LLC**

*/s/ William Gregory Dobson*
William Gregory Dobson
Georgia Bar No. 237770
A. Danielle McBride
Georgia Bar No. 800824
830 Mulberry Street, Ste. 201
Macon, Georgia 31201
(478) 745-7700
(478) 745-48888 (facsimile)
wgd@lddlawyers.com
admcbride@lddlawyers.com

*Attorneys for Plaintiff Rebecca Boswell*

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/Elizabeth Bulat Turner*
Elizabeth Bulat Turner
Georgia Bar No. 558428
Hee Won Choi
Georgia Bar No. 364457
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)
bturner@martensonlaw.com
lchoi@martensonlaw.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*